The panel has before it today five cases, three of which are being argued and two of which are being submitted on the briefs. I would just note for the record the two cases that are being submitted on the briefs. The first one is number 2008-3161, Ziegler v. the Merit Systems Protection Board. The second case is number 2008-3248, Morrissey v. the Department of the Treasury. Again, those two cases are being submitted on the briefs. The first case in which we'll hear oral argument this morning is number 2007-3295, Campbell v. Geren. And Ms. Belgin, are you ready to begin? Yes. Okay, come on up. I just want to confirm, you're using 12 minutes for your main argument and three for rebuttal? Yes, that's correct. And you understand how the lighting system works? Yes. Okay. All right, well, you can start whenever you're ready. Thank you. You may please report. My name is Jennifer Belcher and I represent the plaintiff appellant, William E. Campbell, in this matter. Both parties agree that this court lacks jurisdiction to hear the issues presented. Both parties also agree that Mr. Campbell presented cognizable Title VII claims in his district court complaint. Can I ask a preliminary question? As I understand, if you're, in essence, redoing the motion to transfer the case back to the Eastern District, isn't that correct? Yes, Your Honor. And if I understand the situation correctly, the bone of contention on the line of dispute between you and the government at the moment is whether or not there's any jurisdiction in the district court over the Title VII claim. Yes, Your Honor. As I understand the government, they're conceding that there's no jurisdiction in this court, regardless of how you dial it. I mean, Campbell's petition for review here, and then more than 60 days after the final decision of the board, right? So under OJIP, there's no jurisdiction there. And we clearly don't have any jurisdiction over Title VII. Yes, Your Honor. And you've conceded all other issues but Title VII. Yes, Your Honor, we have. And we contend that the Eastern District of Virginia erroneously transferred this matter to this court. Because I take your argument to be that Mr. Campbell had his proceeding pro se in the Eastern District of Virginia. And because he pro se may have failed to understand what he had to say in order to best jurisdiction over the Title VII claim there. Yes, Your Honor. Our footnote 1 in Judge Brickenwood's opinion on the transfer order, the transfer order opinion, certainly suggests that she was of the view that the court lacked Title VII jurisdiction, right? I disagree, Your Honor. The Eastern District of Virginia, in that footnote, did not issue a final appealable dismissal order. Well, I understand. I don't disagree with you on that. It's clear that you don't have a final order there. But in your footnote, she says, if I'm not mistaken, that she believed that, accordingly, she said that Title VII claims are not probable or can't serve as a basis for exercising jurisdiction. Yes, Your Honor, she did state that. However, she made that determination without providing Mr. Campbell, who was proceeding pro se at that time, with an opportunity to amend his complaint. And she made that determination without seeing- Is this a suspending order? Yes, it is. And so, I gather- and I'll ask the government the same thing- I gather what the government's hoping we will do here is to bury your client's case once and for all because if we were to dismiss the case and not transfer it back, then you might have a high-level client that you'd try to refile in the district court, wouldn't you? We agree, Your Honor, because if this judge, or if this court were to dismiss our client, then our client would have essentially one day to be filed in the Eastern District. Essentially, a dismissal in this court is a dismissal with prejudice. And our client, Mr. Campbell, has yet to adjudicate his Title VII claims. He deserves that opportunity. And for that reason, we ask this court to retransfer his Title VII claims to the district court. As I mentioned, I had three points that I wanted to bring forth to support our request. And the first is that Mr. Campbell filed a pro se complaint in the Eastern District, a complaint that clearly informed the district court of his Title VII claims. He invoked the jurisdiction of the court not once but twice, specifically referring to the statute that governs Title VII. He listed adverse employment actions, including failure to promote, transfer from one state to another, hostile work environment, all in support of his Title VII claims. The Eastern District of Virginia, as we've discussed, transferred the entirety of that claim to this court. Our client did not receive the special solicitude granted to pro se plaintiffs. The body of case law that we cited on our brief puts forth that special solicitude. Pro se complaints are not to be held to the same standard as those drafted by attorneys. Did the complaint before the district court either mention or attach a copy of the notice to the letter? No, Your Honor, it did not. No, it did not. And certainly Mr. Campbell has that letter, and if provided with an opportunity to amend, or if the court had inquired for that letter, he could have attached it. Your brief with breaking the transfer order, if I understand you correctly, is that it was sua sponte and your client, unrepresented by counsel, didn't have any opportunity to say back to the judge, wait a second, there's another side to the facts in this case, right? Yes, Your Honor. Yes. So the Eastern District sua sponte transferred the entire matter to this court, and as mentioned in our brief with the pro se case law, it's an abuse of discretion and error on behalf of that court to make what appears to be true. In order to kick it back to the Eastern District under the law, the law is that you put your thumb on the scale in favor of the court that made the transfer, and there's a sort of presumptive correctness, isn't there? So we have to find the breaking which is dead wrong, right? Right. I disagree in the dead wrong, Your Honor, but the standard that exists is that this court has the ability and authority to review the transfer order and if it finds it is clearly erroneous and works to manifest injustice, this court can retransfer an interest to justice, and here I think that it obviously is clearly erroneous. Let me ask you this question because it would give the government something to think about while it's waiting to stand up at the lectern. As I understand the government's position, and I don't think you made this point quite this way in your brief, the government is asking us, this court, to adjudicate that there is no valid Title VII claim in the District Court. Isn't that what they're asking us to say? Yes, Your Honor. Do we have jurisdiction to do that? No. It is our position. So the jurisdiction of the subject matter. Correct, Your Honor. It is our statement in our brief that this court lacks jurisdiction to make a determination on the merits, and at this juncture, that's what's left in this Title VII claim, but to the extent the government raises affirmative defenses, those, again, are within the jurisdiction of the District Court, and indeed, the government did not have the opportunity to even file a responsive pleading in the Eastern District of Virginia, so those affirmative defenses were not even at that early juncture of the record available. No answer to the following evidence? No answer. This court, in less than 30 days after receiving this case, transferred it to a spontane. No answer. So all that you're saying, all that we have jurisdiction to do, is to decide the motion to retransfer the case back to the Eastern District. All we can do, you will say, is decide the propriety of the transfer. Yes, Your Honor. The second point that I would mention in support of our request is that the transfer order itself is clearly erroneous. As we've discussed, the Eastern District had jurisdiction over this matter, over these Title VII claims, and although in our plea pleading... We don't know that. Why is your argument in favor of jurisdiction over the Title VII claim getting better than the government's argument that there's not? I mean, I don't know whether the proper requisites for exhaustion and remedies have been satisfied. I don't know what the law of the Fourth Circuit is on that point. The law in some circuits is very generous to a pro se applicant who's trying to mount a Title VII claim. So basically, if you sort of spit in the wind according to the EEO, that was a satisfaction of exhaustion and remedies. There are other circuits that are more rich. Why is it enough for you simply to say it's an open question, and you're entitled to have it adjudicated by the only court in the setting that has the authority to do so? Your Honor, it's our position that to the extent that there may be some deficiencies, those before the Eastern District can decide. And at this juncture, the court did not make a determination, and our client was not allowed to respond to any grounds of that. Well, my point is that if you're going to argue with me very seriously that you know that the District Court had jurisdiction over the EEO claim, then I'm going to say, well, why shouldn't I respond to the government and decide it right here and put your client out of his misery if I decide that there is no jurisdiction in Title VII? With all due respect, it's true. You don't want that. I mean, the most you can gain out of this here and here is a transfer back to the Eastern District, right? Yes, and, Your Honor, that is what we seek. We seek a transfer back from the District Court to adjudicate the merits of the claims and determine any affirmative defenses the government may raise once the government has the opportunity to file a response in the District Court. I take it part of your argument that Mr. Campbell wants to mount is that in the interstices of the settlement agreement that led to the dismissal of this MSPB case, that there are discrimination issues that need to be adjudicated in connection with the entry into the settlement agreement. I'm not certain that Judge Brinkman appreciated because your client would pro se what the sort of complexion of the discrimination claims were. Yes, Your Honor. We agree that Judge Brinkman did not realize the extent of these discrimination claims. And again, she's supposed to be transferred without providing a client the opportunity to inform her in more detail of those claims. As mentioned, the second point that I wanted to make is that the transfer order itself was erroneous. The District Court transferred Title VII claims to this court, which with all due respect to this court, does not have jurisdiction to make a merits determination on those claims. In fairness to the judge, she didn't think she was transferring a Title VII claim. She thought she was transferring an employee decision complaining about a 28-day suspension. That's what she said in her argument. I agree, Your Honor. If she had provided our client with the opportunity to amend his complaint or to respond to any deficiency, she would have been informed that this was a Title VII action, not an ESPB action. Well, what you're saying to us is consistent with the additional authority you filed in the court a couple of days ago. The District Court, I gather, recognized what the situation was and understood what was going on. You're saying, had you been representing Mr. Campbell in front of Judge Brinkman, had you given notice of the fact that she was going to consider issuing a transfer order and she was considering an informal operative petition, you would have stood up and told her, Hello, Judge, this is not an ESPB case. We waive all of our ESPB claims, right? Yes, Your Honor, and that is a huge error that occurred in the District Court. In fairness to Judge Brinkman, she was confronting a pro se complaint with, shall we say, a boatload of issues that had all the appearances of an appeal from an ESPB. Now, you've taken a, shall we say, a more informed posture in this case in focusing on the Title VII aspect to the exclusion of everything else, and with the clarity of that more focused view then the jurisdictional question is a little bit easier to discern and perhaps Judge Brinkman might not have made the same decision. We agree, Your Honor. We think that if she had been provided with additional facts upon an amended complaint or the attachment of the EEOC right to sue letter, that she would have decided differently. We agree. And you're not necessarily asking us to make that jurisdictional determination, but asking us to at least recognize that the jurisdictional issue is one she should be considering that might properly vest jurisdiction before the District Court. Yes, Your Honor. That is our position. Yes, Your Honor. Mr. Thurgood. Thank you, Ms. Koshy. You're into your rebuttal time. Why don't we hear from the Governor? We'll restore your full three minutes. Thank you, Your Honor. We'll hear from the Governor. Mr. Warren, we'll give you, if you need it, 18 minutes so that you'll have the total time. Ms. Belch, you will have it. May it please the Court. This is one of those unusual circumstances where both sides agree this Court doesn't have any jurisdiction. So the only question at this point is You have jurisdiction to determine whether the transfer was proper. Yes, that's right. But there's no merit. And the entirety of your case, when you're asking us simply to dismiss, not to transfer the entirety of your case, is your view that there is no jurisdiction over any Title VII claim in the Eastern District. That's correct, Your Honor. The District Court has made that determination. There's no jurisdiction over Title VII there. There's no jurisdiction in this Court because of the timing of this fact. There's just simply no jurisdiction over Mr. Campbell's complaints at this point. Well, the problem you've got there is that the sentence upon which you're hanging your entire hat is in the footnote that says, Accordingly, Title VII claims are not proper for this Court. They can't serve as a basis for explaining the position of a plaintiff. And the SPV appeal. That's correct, Your Honor. Now, that plaintiff wasn't found to have an MSPV appeal. Except that his right to sue, then, was upon the MSPV decision. He uses the word MSPV appeal. Maybe he labeled it wrong. He was pro-7. My intention, Your Honor. Now, let me ask you this question. I don't know anything about Title VII. I don't know a thing. I don't even know what's in it. Okay? It's not like 103. If I had an act, I could recite obviousness to you inside out. I can tell you about a government contract. I can tell you about all of that. I can't tell you beans about Title VII. So, why, Your Honor, do I have the authority to decide whether or not Judge Brinkman was wrong when she said no jurisdiction? The important thing, Your Honor, is you don't have to. She has already decided that, which is why she transferred it to this Court. Because, remember, the conditions preceding to transfer are the 1631. You don't cut any slack to a pro se litigant, do you? I beg your pardon, sir? You don't cut any slack to a pro se litigant. I disagree with that. The problem here is the pro se is entitled to amend his complaint. Is the Justice Department overworked today? Your Honor, I can't tell you. Your understanding is that the Justice Department, just like us, is on a continuing resolution. I have former law clerks that are working over there that are saying that there are just not enough bodies to go around. They're running around trying to borrow from one division to another to find bodies to be engaged in the important matters of state. That may very well be the case, Your Honor. Can you tell us that this is a great investment of the Justice Department's time for you to mount this gripe over this case? The first point is the policy questions I have to admit are beyond me. I don't really look at those all that often. With respect to the jurisdiction... It's a waste of resources for us to be messing with things. Your Honor, I am not in a position to have that kind of discussion. Should I write a letter to Director Davidson? You can hear what I'm beefing about. Whom should I address my complaint? You're not the right guy. I understand that. I will be more inclined to listen. I apologize for picking on you. That's okay. I'm listening. The problem here is, or the question here, is one of jurisdiction. Jurisdiction is a very important matter to the Department. Obviously, it wouldn't be here. The question becomes one, though, of the District Court made its decision. Now, it incorrectly sent the case here, but this may be an example of no good deed goes unpunished. She could have just outright dismissed Mr. Campbell's complaint. And then Mr. Campbell could have gone to the Foreign Service That's exactly right. Which is why, if you remember in the footnotes, we alluded to the possibility that maybe the Fourth Circuit is the proper jurisdiction to consider this. Assuming that we grant you to relieve you wish, and assuming that Mr. Campbell, now protected by counsel, tried to refile a Title VII complaint in the Eastern District, you surely would meet that with a motion to dismiss, a plain conclusion rather, wouldn't you? That would be my expectation, sir. So the question is whether or not we're willing to throw the last few shovels full of dirt on top of the coffin here. Well, I don't think that's the way that I would put it, sir. But I think now, we've got a pro se litigant, right? Down there. And we've got this pro se litigant, which was non-suited, if you will, by Judge Brinkman, on a sui spani order that came up in connection with an improper petition. Let me back up just for a second. You have a pro se litigant who entered into a settlement agreement in which these matters were resolved. Well, he entered into a settlement agreement which, with the benefit of counsel, Mr. Campbell says this is an unlawful settlement agreement. That is a totally new argument, sir. That has not been presented anywhere, in any forum, except here on this appeal. I understand this court's precedent. That's not the proper way to do this, irrespective of whether it was pro se or represented by counsel. So these are whole new arguments that neither the board nor the EEO was presented. Actually, under our precedent, it probably would have been a co-K argument of non-pro se, but not by counsel. That's very possible, sir. Mr. Moynihan, the settlement agreement is, there is this, I think Mr. Campbell says that he understood from some cross-outs that took place in paragraph 10 of the settlement and in page 72 of the joint appendix that he makes the argument that he understood from this that he could take his discrimination claim over to the EEOC, and what had to come to here, if anything, would have settled. What only properly could have come here would have been a challenge to whether there actually was harassment. But, I mean, you do have, in page 72 of the joint appendix, the settlement agreement where it says the rights related to the relevant issues of MSPB docket government. Now, what he could say, the relevant issues are, you know, he's waving those, but a matter not relevant is his discrimination claim that he tried to bring in the district court. And, Your Honor, that could be true, except I would point the court to the appendix at page 66, 67, and 68, all of which are discrimination allegations. On page 67 in his MSPB appeal, he indicates that he was discriminated, or alleges that he was discriminated against based upon race, color, age. If you look at page 66, a continuation sheet there talks about Colonel McMaster's and the agency's actions constituted unlawful and prohibited personnel practices and according to the 42-page appeasement. He's saying that he understood, and you're right, this is his complaint before the board, his appeal before the board, but he is saying, it was my understanding in the settlement agreement that certain things were retained from me to pursue in a discrimination claim sense, and they were sort of carved out, and it points to that, I think, sort of ambiguous language at 72 of the joint appendix. But if you take your tack, the question becomes, this language is meaningless. The language that you just referred to as far as waiving the EEO compliance is meaningless, because he hasn't waived anything. That's the only way that this court can get to that conclusion, is to say that language is meaningless, and settlement agreements are contracts, and my understanding is you don't waive the language at all. Your discussion with Judge Clevenger may very well be that if Mr. Campbell goes back to the district court, he will not prevail. All the claims will be brought. We just let that happen. I mean, I have to feel you. I understand. It's a pro se litigant. Let him have his day in court. It may be a short, very unproductive day, but let Judge Brinkman decide this issue, because she was under a misapprehension that, you look at the first sentence of the order, which was an MSPB case, and here's trying to add a discrimination case. Your response is we can only do that if we violate our pristine oath to guard the jurisdiction of this court with our lives. Your Honor, this court has never hesitated to guard its jurisdiction. That's all we're asking them to continue to do. But how are we not guarding our jurisdiction if we do that? Because we recognize we don't have jurisdiction to do anything on the merits here. Correct. All we can do is adjudicate the propriety of the transfer from the Eastern District to here. That's right. That's all we'd be doing. Your theory is that we can only transfer it back to Judge Brinkman if we decide that she went wrong with her preliminary decision that there was no DAO jurisdiction, and you're saying we lack authority to do that. I believe that's correct, Your Honor, because if this court is to retransfer, that transfer model is just going to be under 1631. And the second step, if you decide that the court doesn't have jurisdiction, is to read the transfer order. I mean, you would disagree. But we could read it. You know, I could take off my glasses, and it sort of falls into a little bit of lack of focus. Like I said, I'm not exactly certain that she decided that she went wrong. Now, if I can reach that conclusion, you can't complain about it. That's correct, Your Honor. That's right. That's right. Although it seems that if I'm going to take my glasses off. I can't. I'm not going to read it. We can't, I think, just ignore what she said in the order. Now, is the order a model of clarity? I will admit that it is not. But it seems pretty plain to what she was saying. I know that you are. But I owe candor to the court. And I can stay here all day and not make something other than what it is. But it says, Mr. Moore, it says right there in the order, the main body of the order, it says, third line, in which plaintiff appeals the decision of the Merit Sisters Protection Board affirming his 28-day suspension. Now, that was not what he intended to bring to the district court. He intended to bring this discrimination. But granted, as a pro se, it's an artful word. Right. Except, Your Honor, we have to go back to the fact that his right to sue letter was based upon the MSPB decision, not upon the EEO decision. Because the EEO said, we don't have any jurisdiction because there is no surviving EEO complaint. What you're saying seems to me to be an argument that might very well be very effective in the district court. Yes, I agree with that. Maybe it will. Except that the district court has already decided, when she said it here, that there's no jurisdiction in the district court. So what this court, in effect, would be doing is saying, we don't have jurisdiction, but we think you do have jurisdiction, despite what you said in the first instance. We don't have jurisdiction, but we think you may have jurisdiction. But she's already said it. And you're the right person to decide. But she's already said it. She's the right person to decide. That's correct. And so under, you know. Kind of going in circles. Well, that's it. Except that's why, under Christensen, in the law of the case, you avoid this circular problem by putting the thumb, if you will, as you mentioned earlier, on the scale in favor of the transfer of property. You mentioned Christensen, and you realize, of course, it was a Supreme Court case. That's right. Is this a case in which the department has already made the decision that you'll seek a petition for a rehearing in the bank here, and then ask the SG to take it to the Supreme Court? I don't believe the SG has been consulted yet. I gave her some free advice. I understand. That's good. And are there any further questions? If not, I'll just wrap it up. I mean, it really is pretty straightforward. The district court, we believe, said she didn't have jurisdiction, which is why she transferred here. This court clearly doesn't have jurisdiction. So it seems to be the only result that makes any sense is the dismissal of the Cambridge complaint. I thank you very much for your time. Thank you, Mr. Gordon. Ms. Belcher? As I said, you have your three minutes of rebuttal, if you need it. Thank you. We agree with Mr. Morgan that this is a very straightforward matter. Under section 16-34. If Judge Brinkman decided that there was no Title VII jurisdiction in the court, it is a very straightforward matter. Wouldn't we have to dismiss this appeal? As you, Your Honor, acknowledged earlier, her transfer order is not a final appealable order. And according to section 16-31, it's not a final appealable order before a circuit. No. And it's also not a final dismissal order. It's a transfer order. And under section 16-31, this court has to make a determination that that court has competent jurisdiction. Under the statute governing Title VII. But you're saying there's been no final ruling by the district court on the jurisdiction issue. Yes, Your Honor. And I'm also saying. You're saying there has been a high slide or an indication of what she thinks. But she hasn't, because she hasn't dismissed the case for a lot of jurisdiction, and there has not been a holding. Yes, Your Honor. There has not been a final order. And under section 16-31, this court needs to find that it is a competent jurisdiction, that there is competent jurisdiction in the district court, which under the provisions governing Title VII, there is jurisdiction. So are you asking us to make a determination that the district court does have jurisdiction? This gets back to what we started with. No, Your Honor. Not that it has jurisdiction, but that the transfer order itself is clearly erroneous and a work of manifest injustice. To the extent that this court is concerned about the issues raised by Mr. Morgan concerning administrative exhaustion and what this district court may or may not have determined, those affirmative defenses, according to Zeis, which we cited in our brief, those are not jurisdictional prerequisites. The statute's governing Title VII put forth that the district court does have jurisdiction. So to the extent that this court is concerned, those other matters are not jurisdictional prerequisites. And as you acknowledged, the transfer order itself is not a final, appealable matter. Our client is proceeding pro se in the district court. He has yet to adjudicate his Title VII claims. All we ask this court is to retransfer those matters to the district court and to let Mr. Campbell have his say in court, if the court has no further questions. Thank you, Ms. Belcher. Ms. Morgan, thank you again. The case is submitted.